**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION,<br>    Plaintiff,<br>                    v.<br>MENDOZA'S REMODELING, LLC,<br>    Defendant. | Civil Action No.<br>1:23-cv-02785-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Caterpillar Financial Services Corporation's (Cat Financial) motion for preliminary injunction [ECF 2]. For the following reasons, Cat Financial's motion is **GRANTED**.

**I.   BACKGROUND**

This suit arises from Defendant Mendoza's Remodeling, LLC's alleged failure to make contractually required monthly payments on construction equipment that it bought on credit. Mendoza's bought the Caterpillar-brand equipment—a skid steer and a corresponding mulcher attachment—from non-party retailer Yancey Bros. for $109,500, plus taxes and fees, minus $10,000 down, to be paid for in monthly installments of $2,037.52 for 60 months.[1] Yancey immediately assigned its rights under the sales contract to Cat Financial.[2] These

---

1   ECF 1-1, at 2.

2   *Id.* at 7.

agreements were executed in mid-2021;[3] in August 2022, Mendoza's stopped making payments.[4] Mendoza's still owes over $103,000 on the contract.[5]

After unsuccessfully demanding that Mendoza's either pay the remaining balance or return the equipment, Cat Financial sued, asserting Tennessee-law claims for breach of contract and detinue, and requesting a permanent injunction and attorneys' fees.[6] Cat Financial then moved for a preliminary injunction requiring Mendoza's to ensure that the equipment remains within a certain geographical area (Douglas, Cobb, and Gwinnett Counties in Georgia) and to inform Cat Financial of the equipment's whereabouts.[7] In the time between Caterpillar's motion and entry of this Order, the Clerk entered default against Mendoza's under Fed. R. Civ. P. 55(a).[8]

## II. LEGAL STANDARD

To obtain a preliminary injunction, the movant must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant; (3) that the injury to the movant outweighs the harm that would be inflicted by the

---

[3] *Id.* at 3, 7.

[4] ECF 1, ¶ 13, at 5.

[5] *Id.* ¶ 17, at 6.

[6] ECF 1.

[7] ECF 2.

[8] Nov. 30, 2023 D.E. (Clerk's Entry of Default as to Mendoza's).

proposed injunction on the opposing party; and (4) that the proposed injunction is not adverse to the public interest. *LaCroix v. Town of Fort Myers Beach, Fla.*, 38 F.4th 941, 954 (11th Cir. 2022).

## III.   DISCUSSION

Cat Financial meets the four preliminary-injunction criteria under both its breach of contract and detinue claims, and thus a preliminary injunction is warranted under either.[9]

First, Cat Financial is substantially likely to succeed on the merits of both its claims. This first factor is "generally the most important." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005); *see also NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1231 (11th Cir. 2022) (holding that substantial likelihood of success on the merits "effectively determine[s]" whether a preliminary injunction should issue). In analyzing Cat Financial's claims, the Court deems all well-pleaded allegations in the complaint to be admitted against Mendoza's as a result of Mendoza's default. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014).

---

[9]   Cat Financial incorrectly argues in its brief for a preliminary injunction citing Sixth Circuit case law, perhaps because Cat Financial is headquartered in Tennessee. Cat Financial's entitlement to a preliminary injunction under Sixth Circuit case law is not relevant when Cat Financial is suing in a district covered by the Eleventh Circuit.

Beginning with Cat Financial's breach of contract claim: under Tennessee law,[10] breach of contract has three elements: "(1) the existence of a contract, (2) breach of the contract, and (3) damages which flow from the breach." *Life Care Centers of Am., Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996). And here, Cat Financial's allegations—now admitted to be true—indicate that (1) a sales contract existed between Mendoza's and Yancey,[11] enforceable by Cat Financial against Mendoza's by virtue of assignment;[12] (2) Mendoza's

---

[10]  The Court concludes that the contract is governed by Tennessee law in accordance with its terms, which provide that the contract "is governed by and construed under the laws of the State of Tennessee, *without giving effect to the conflict-of-laws principles*." ECF 1-1, at 5 (emphasis added). The applicable conflict-of-laws principle is this: "If the law to be applied to a contract dispute by … a federal court in Georgia is judicially-created, then 'the common law as expounded by the courts of Georgia' must govern." *Mt. Hawley Ins. Co. v. E. Perimeter Pointe Apartments*, 861 F. App'x 270, 276 (11th Cir. 2021) (quoting *Coon v. Med. Ctr., Inc.*, 300 Ga. 722, 729 (2017)). Under this conflict-of-laws principle, given that the elements of a breach of contract action under Tennessee law are judicially-created, Georgia common law would normally govern Cat Financial's breach of contract claim. However, the Court reads the contract as choosing Tennessee law *even if* applicable conflict-of-laws principles instruct otherwise. Contractual choice-of-law clauses are generally enforceable in Georgia "[a]bsent a contrary public policy." *Carr v. Kupfer*, 250 Ga. 106, 107 (1982). And here, the Court has not identified a public policy that would preclude enforcement of the contractual choice-of-law clause. Cat Financial's breach of contract claims is therefore governed, in accordance with its terms, by Tennessee law.

[11]  ECF 1, ¶ 5, at 2.

[12]  *Id.* ¶ 9, at 3.

breached the contract by failing to make the required monthly payments,[13] leaving an unpaid balance of over $103,000;[14] and (3) Cat Financial suffered damages both from Mendoza's failure to make payments in accordance with the contract and from attorneys' fees incurred in bringing this suit.[15] Cat Financial's contract claim is thus likely to succeed.

The same is true for Cat Financial's detinue claim. Tennessee law permits a detinue action where a plaintiff seeks "to recover specific personal property."[16] T.C.A. § 29-30-201.[17] Tennessee courts have explained that a detinue action may be brought "where the wrong consists of unlawfully withholding the possession of personal property," *Jack Strader Tire Co. v. Mfrs. Acceptance Corp.*, 221 Tenn. 631, 634 (1968), to which the plaintiff is asserting "the title and right to possession," *id.* at 635. *See also Sampson v. Aircraft Maint. Inc.*, 2023 WL 164164, at *11 (Tenn. Ct. App. Jan. 12, 2023). And here, Cat Financial's allegations, admitted as true, establish that Mendoza's is unlawfully withholding possession of construction

---

[13]  *Id.* ¶ 14, at 5.

[14]  *Id.* ¶ 17, at 6.

[15]  *Id.* ¶¶ 19–20, at 6.

[16]  The Court understands "personal property" to mean any property that is not real property. Thus, Cat Financial's detinue action to recover commercial personal property is proper.

[17]  "As a matter of comity, a Georgia court will defer to another state's statutes, as well as its judicial decisions authoritatively interpreting those statutes, in determining the law of that state." *Coon*, 300 Ga. at 729.

equipment[18] to which, as a result of Mendoza's contract breach, Cat Financial is entitled to possession.[19] Both of Cat Financial's substantive claims are thus likely to succeed.

Second, Cat Financial is likely to suffer irreparable injury if an injunction is not granted. The requirement of irreparable injury is a question of the court's equitable jurisdiction. *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1358 (11th Cir. 2019) ("[F]oremost among the principles governing the use of the injunctive remedy is the traditional requirement that courts of equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief"). For this reason, irreparable injury is "the sine qua non of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). And though, as a general rule, an irreparable injury is one that "cannot be undone through monetary remedies," *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990), the Eleventh Circuit has noted that "a damage judgment against an insolvent defendant" could, in certain circumstances, be an inadequate remedy. *Askins*, 924 F.3d at 1359. The Eleventh Circuit has further explained that equitable relief "is always appropriate

---

18   *Id.* ¶¶ 39–40, at 9.

19   *Id.*

to grant intermediate relief of the same character as that which may be granted finally." *Id.* at 1361.

Here, a preliminary injunction is appropriate because Cat Financial is seeking injunctive relief as a final remedy.[20] In addition, the Court finds that a damages judgment against Mendoza's may be an inadequate remedy: Mendoza's failure to make timely payments[21] or meaningfully reduce the amount owed on the contract,[22] report the equipment's location,[23] or otherwise respond to Cat Financial's communications[24] permits the reasonable inference that Mendoza's is insolvent and will be unable to satisfy a money judgment against it. And intermediate injunctive relief is appropriate because, given Mendoza's likely insolvency, the equipment's continued use and depreciation[25] will impact Cat Financial's recovery if it is forced to wait until final judgment.

---

[20] A potential legal quirk: The Tennessee detinue statute permits a cause of action "if the party seeks to recover the possession [of specific personal property] *only at the end of the suit*." T.C.A. § 29-30-201 (emphasis added). There is a potential problem in ordering intermediate injunctive relief for a cause of action that specifies that the injunctive relief sought must be final. Thankfully, this issue is not dispositive here because Cat Financial is entitled to intermediate injunctive relief on its breach of contract claim.

[21] ECF 1, ¶ 13, at 5.

[22] *Id.* ¶ 19, at 6.

[23] *Id.* ¶ 21, at 6.

[24] *Id.* ¶¶ 16–17, 43, at 6, 9.

[25] *Id.* ¶ 52, at 11.

Third and fourth, the Court finds that the injury to Cat Financial outweighs the harm that would be inflicted by the proposed injunction on Mendoza's, and that the proposed injunction is not adverse to the public interest. Relevant to both is the fact that the contract, by its terms, entitles Cat Financial to repossession upon Mendoza's default.[26] The potential harm to Mendoza's from this injunction does not outweigh the injury to Cat Financial when that harm is already imposed by an existing contract. Nor is it adverse to the public interest to grant a preliminary injunction that tends to facilitate contract enforcement.

## IV.   CONCLUSION

Cat Financial's motion for a preliminary injunction [ECF 2] is **GRANTED**. Mendoza's is **ORDERED** not to use, encumber, or transfer possession of the construction equipment; to return the equipment to and keep the equipment within Douglas, Cobb, or Gwinnett Counties, Georgia; and to keep Cat Financial informed of the equipment's location. Cat Financial is **ORDERED**, within 5 days of entry of this Order, to serve a copy of this Order on Mendoza's through certified mail or other means of verified delivery.

---

[26] ECF 1-1, at 1 (empowering Cat Financial to "take immediate possession" of the equipment upon Mendoza's "fail[ure] to make a payment when due").

The Court notes that the Clerk of Court entered default against Mendoza's on November 30, 2023. Within 14 days of entry of this Order, Cat Financial is **ORDERED** to move for default judgment. If it fails to do so, this case will be dismissed and the instant preliminary injunction will be dissolved.

**SO ORDERED** this 31st day of March, 2024.

Steven D. Grimberg
United States District Court Judge