## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CATERPILLAR FINANCIAL SERVICES
CORPORATION,

    Plaintiff,

              v.

MENDOZA'S REMODELING, LLC,

    Defendant.

Civil Action No.
1:23-cv-02785-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff Caterpillar Financial Services Corporation's motion for default judgment and permanent injunction [ECF 14] against Defendant Mendoza's Remodeling, LLC. For the following reasons, Cat Financial's motion is **GRANTED**.

This case arises out of Mendoza's failure to make timely payments to Cat Financial on its purchase loan for Caterpillar-brand construction equipment.[1] Cat Financial sued under Tennessee law for breach of contract and detinue, seeking both monetary damages for the balance of the loan and a court order for immediate return of the equipment.[2] Cat Financial moved for[3] and was granted[4] a preliminary injunction ordering Mendoza's "not to use, encumber, or transfer

---

[1] *See generally*, ECF 14, at 6–11.

[2] ECF 1.

[3] ECF 2.

[4] ECF 13.

possession of the construction equipment; to return the equipment to and keep the equipment within Douglas, Cobb, or Gwinnett Counties, Georgia; and to keep Cat Financial informed of the equipment's location."[5] Cat Financial now requests that (1) default judgment be entered against Mendoza's;[6] (2) it be awarded the outstanding loan balance plus interest as monetary damages for its breach of contract claim;[7] (3) it be entitled to immediately repossess the equipment as equitable relief for its detinue claim;[8] (4) the Court's existing injunction be made permanent;[9] and (5) it be awarded contractual attorneys' fees.[10] These requests are each granted.

First, the Court enters default judgment, pursuant to Federal Rule of Civil Procedure 55, against Mendoza's on both of Cat Financial's claims. Securing a default judgment is a two-step process. At step one, the plaintiff must obtain an entry of default from the clerk, Fed. R. Civ. P. 55(a), which Cat Financial has done.[11] At step two, upon entry of default, the plaintiff must apply to the court for

---

[5]    *Id.* at 8.

[6]    ECF 14-1, at 11.

[7]    *Id.* at 12.

[8]    *Id.* at 13.

[9]    *Id.* at 14.

[10]   *Id.* at 14–15.

[11]   Nov. 30, 2023 D.E. (Clerk's Entry of Default as to Mendoza's).

default judgment, Fed. R. Civ. P. 55(b), which Cat Financial has also done via the instant motion. A court should only enter default judgment if the plaintiff has stated a claim under Federal Rule of Civil Procedure 12(b)(6) — if the allegations in the complaint, taken to be true, permit the plausible inference "that the defendant is liable for the misconduct alleged." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Entry of default judgment is "committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

The Court enters default judgment in Cat Financial's favor here because, as the Court previously indicated in its preliminary injunction order,[12] the allegations in the complaint, admitted by virtue of Mendoza's default, *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005), permit the reasonable inference that Mendoza's is liable to Cat Financial for breach of contract and in detinue. Cat Financial has stated a claim for breach of contract because it has alleged that (1) a contract enforceable by Cat Financial against Mendoza's[13] (2) was breached by Mendoza's failure to make timely payments[14] (3) from which breach Cat Financial

---

[12]   ECF 13, at 4–6.

[13]   ECF 1, ¶¶ 5, 9.

[14]   *Id.* ¶¶ 14, 17.

suffered damages.[15] *See Life Care Centers of Am., Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996). Cat Financial has also stated a claim for detinue because it has alleged that Mendoza's has equipment Cat Financial is entitled to possess.[16] *See Jack Strader Tire Co. v. Mfrs. Acceptance Corp.*, 429 S.W.2d 428, 429–30 (Tenn. 1968).

Second, Cat Financial is awarded $110,722.57 in damages for the amount the Court finds remains owed under Mendoza's purchase contract. Though a default judgment awarding money damages should generally be preceded by an evidentiary hearing, damages may be awarded without a hearing if the amount claimed is "capable of mathematical calculation" based on "detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). And the claimed damages here are mathematically calculable based on the detailed affidavit of Cat Financial employee Stephanie Floyd,[17] who has provided a payoff statement itemizing the amounts owed by Mendoza's under the contract.[18] The payoff statement indicates that Mendoza's owes $97,977.59 in outstanding balance, less a partial payment of

---

[15]   *Id.* ¶¶ 19–20.

[16]   *Id.* ¶¶ 39–40.

[17]   ECF 14-2, at 2–5.

[18]   *Id.* at 10.

$699.64, plus interest on the net balance accruing at $14.86 per day through the date of this Order,[19] plus $3,845.06 in costs and fees, for a total of $114,541.59.

Third, Cat Financial is entitled to immediate repossession of the Equipment as injunctive relief for detinue. Detinue, like its "counterpart" replevin, are actions asserting the plaintiff's "title and right to possession," *Jack Strader*, 429 S.W.2d at 430, and provides a mechanism "to regain [ ] possession by process of law in the absence of consent." *Jones v. Beaman Pontiac Co.*, 392 S.W.2d 865, 866 (Tenn. 1965). Cat Financial, having prevailed on its detinue action by virtue of default, an order will issue entitling it to immediate repossession of the equipment at issue.

Fourth, the existing preliminary injunction is converted into a permanent injunction because the facts that made a preliminary injunction appropriate remain unchanged.[20] The Court accordingly reaffirms its finding that (a) Cat Financial has suffered an irreparable injury,[21] (b) Cat Financial has no adequate remedy at law,[22] (c) the balance of hardships favors Cat Financial,[23] and (d) an

---

[19]   The interest calculation of $14.86 per day, *id.*, is consistent with the 5.5% annual interest rate in the sales contract. ECF 1-1, at 2. Mendoza's accordingly owes $13,418.58 in interest through January 3, 2025.

[20]   ECF 14-1, at 10.

[21]   ECF 13, at 6–7.

[22]   *Id.*

[23]   *Id.* at 8.

injunction is in the public interest.[24] *See Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008).

Fifth, Cat Financial is awarded attorneys' fees for this litigation. Under Tennessee law, attorneys' fees are recoverable when a "contractual … provision creates a right to recover attorney fees." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). And Cat Financial has been assigned[25] the contractual right to recover "all charges, costs, and expenses and reasonable attorney's fees" incurred in litigating this suit.[26] Cat Financial is accordingly awarded $16,227.00 in fees, for 57.8 hours of work by two attorneys,[27] the Court having found that the hourly rates and time spent are reasonable in light of the attorneys' experience and qualifications and the prevailing market rate in Atlanta for similar services by professionals of reasonably comparable skills and experience. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Cat Financial's motion for default judgment and permanent injunction [ECF 14] is accordingly **GRANTED**. Cat Financial is awarded $130,768.59 in

---

[24]  *Id.*

[25]  ECF 1-1, at 7.

[26]  *Id.* at 4.

[27]  ECF 14-3, ¶ 17.

damages and attorneys' fees. Judgment and a permanent injunction will be entered by separate order. The Clerk is **DIRECTED** to close this case.

      **SO ORDERED** this 3rd day of January, 2025.

Steven D. Grimberg
United States District Judge